IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICK ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-03172-CV-S-RK-SSA |
| | ) | |
| CAROLYN COLVIN[1], Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Plaintiff's Complaint seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). ((*See* 42 U.S.C. §§ 405(g) and 1383(c)(3)). Upon review, the decision of the Commissioner is AFFIRMED.

## Standard of Review

The Court's review of the Commissioner's decision is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621,

---

[1] Nancy A. Berryhill became acting commissioner of Social Security on January 23, 2017; however, for consistency purposes, the case style in this action remains as originally filed.

625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease; loss of visual acuity; Raynaud's disease; and Buerger's disease. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meets or medically equals the criteria of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Considering Plaintiff's limitations, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several additional limitations. The Plaintiff can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to extreme cold and vibration; can do no work requiring detailed vision; and cannot be exposed to dangerous moving machinery or unprotected heights. The ALJ found that while Plaintiff is unable to perform any past relevant work, there are jobs in significant numbers in the national economy that Plaintiff can perform, such as housekeeping "cleaner" and usher. As a result, the ALJ found that Plaintiff was not disabled as defined under the Act from May 3, 2012, the alleged onset date, through the date of the ALJ's decision.

In Plaintiff's appeal of the ALJ's decision, Plaintiff raises the following issues: (1) whether the ALJ properly weighed the opinion of Plaintiff's treating physician, Dr. Ronald Evans; (2) whether the ALJ properly determined the Plaintiff's RFC; and (3) whether the ALJ properly assessed Plaintiff's credibility. Based on how the issues interrelate, the Court addresses them in reverse order.

First, it was proper for the ALJ to discredit Plaintiff's credibility, despite Plaintiff's complaints of severe limitations, because the record indicates Plaintiff is able to perform daily activities including: cleaning, shopping, cooking, paying bills, utilizing public transportation, and maintaining appropriate grooming and hygiene habits. *See Medhaug v. Astrue,* 578 F.3d 805, 817 (8th Cir. 2009).

Second, the ALJ did not err by discounting the treating physician's opinion because the physician's opinion was based heavily on Plaintiff's subjective complaints. *Wildman v. Astrue,*

596 F.3d 959, 967 (8th Cir. 2010) (an ALJ is entitled to discount a treating physician's opinion when the treating physician's opinion relied on the plaintiff's subjective complaints which were properly discredited). Additionally, the treating physician's opinion is conclusory because the opinion is in checkbox format, cites no medical evidence, and is without explanation or elaboration. *Id.* at 964.

Finally, in assessing Plaintiff's RFC, the ALJ properly considered and weighed the available medical evidence and Plaintiff's statements. *See Wildman,* at 596 F.3d at 969 (an ALJ must assess a claimant's RFC based on all relevant evidence). As discussed above, the ALJ properly discounted the treating physician's opinion. The ALJ then assigned partial weight to the consultative examiner's opinion finding that Plaintiff had no limitations because the medical evidence supports that Plaintiff does have some limitations. When considering the other objective medical evidence, the ALJ found a lack of positive clinical findings which did not support the full extent of Plaintiff's complaints.[2] Therefore, the record as a whole supports the ALJ's conclusion that Plaintiff retained the RFC to perform a limited range of light work.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE,
UNITED STATES DISTRICT COURT

DATED: September 12, 2017

---

[2] The objective medical findings include: medical examinations of Plaintiff exhibiting normal posture, normal gait, negative straight leg testing, normal upper and lower extremity strength and tone, Plaintiff's report in July 2012 that Plaintiff felt "better" and did not want surgical intervention, no evidence of joint damage from October 2012 through May 2013, and physician treatment notes that indicate Plaintiff's Buerger's disease is managed with medication.